**J. D. WHEELER, Receiver, General American Casualty Company, Appellant,**

v.

**John M. CLARK, Appellee.**

No. 13252.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 25, 1957.

Rehearing Denied Oct. 23, 1957.

Eskridge, Groce & Hebdon, Frank P. Christian, San Antonio, for appellant.

Moursund, Ball, Bergstrom & Barrow, San Antonio, Dick P. Wood, Dallas, for appellee.

**W. O. MURRAY, Chief Justice.**

This suit was instituted by J. D. Wheeler, Receiver of General American Casualty Company, against John M. Clark, doing business as John M. Clark Insurance Agency, seeking to recover the sum of $2,589.33, alleged to be the amount of unearned commissions due by defendant to plaintiff. The defendant filed a cross-action alleging that the receivership estate was indebted to him in the sum of $8,930.78, and asking that his indebtedness be offset against the indebtedness of the Receiver to him. The trial was to the court without a jury, and judgment was rendered in favor of Clark allowing the offset.

J. D. Wheeler as such Receiver has prosecuted this appeal from the judgment of the trial court, contending that the court erred in allowing the offset and in not rendering judgment in his favor for the amount of the unearned commissions.

On July 7, 1954, the General American Casualty Company was placed in receivership by the District Court of Travis County, and J. D. Wheeler was appointed the Receiver of the assets of the company. All insurance policies theretofore issued by the company were cancelled, and all authority of the local recording agents of the company to write further insurance for the company was cancelled. The cancellation of these policies left owing by the company to the various policyholders of the company whose insurance had been written by John M. Clark, the sum of $8,930.78, representing the unearned premiums. This cancellation also left John M. Clark owing to the Receiver $2,589.33, unearned commissions which he had heretofore received.

Some time after the Receiver was appointed, John M. Clark repaid to such policyholders the unearned premiums due them or issued new policies to them in lieu of those of the defunct company. He took assignments from these policyholders to himself for such claims as they had against the receiver. The total sum of these assignments was $8,930.78, or perhaps more. It is apparent that if Clark is permitted to offset the sum owed by him for unearned commissions against the claims assigned to him by the policyholders, he will in effect become a preferred creditor as to the amount due him by the Receiver.

The exact question was passed upon by this Court in the case of Eng v. Wheeler, 302 S.W.2d 263. The opinion written by Justice Barrow in that case held that the local soliciting agent was under no legal obligation to refund unearned premiums to the policyholders, and, therefore, in doing so he acted as a volunteer and could not offset claims thus assigned to him against sums which he owed to the Receiver.

Appellant contends in the case at bar, that the assignments from the policyholders were taken upon forms furnished to Clark by the Receiver, and that Clark filed a claim with the Receiver for the total sum which he paid such policyholders, and that this claim was approved by the Receiver before the Receiver instituted the present suit against him to recover the sum of unearned commissions on policies theretofore written by him. We are of the opinion that these facts do not change the situation in any way. The truth is that when the Receiver was appointed and all policies cancelled by the Travis County District Court, an indebtedness then and there was created in favor of the policyholders and against the Receiver for the amount of unearned premiums and it was the duty of the Receiver to pay to such policyholders, on a pro rata basis, these unearned premiums, and at the same time Clark became indebted to the Receiver for the total sum of unearned commissions on the policies he had theretofore written. Clark could not thereafter make himself a preferred creditor by securing an assignment of the unearned premiums from the policyholders, and pleading these sums as an offset against his own

**160**

indebtedness to the Receiver. The trial court should have refused to allow the offset, and should have rendered judgment against Clark for the full amount of the unearned commissions due by him to the Receiver.

■ Appellee calls our attention to the fact that the contract between the Insurance Company and himself provided that, "it is understood and agreed that the Agent shall return to the Company a pro rata portion of commissions on that part of the premium which it may be necessary for the Company to refund to the assured whether such policies were actually written by this Agent or his predecessor," and makes the contention that inasmuch as he has already returned the unearned premiums to the policyholders it will not be necessary for the Receiver to do so, and therefore under the contract the Receiver has no claim against him for unearned commissions. We do not agree. When a Receiver was appointed and the policies were cancelled, the liability of the parties was then and there fixed. The Receiver owed the duty to pay to the policyholders the unearned premiums and appellee was obligated to pay the Receiver his unearned commissions, which he had theretofore retained. He could not change the situation by going out and voluntarily paying to the policyholders the unearned premiums.

Accordingly, the judgment of the trial court will be reformed so as to provide that appellee's offset be denied and judgment rendered in appellant's favor against appellee in the sum of $2,589.33, together with interest at the rate of six per cent per annum from date hereof until paid and all court costs in this behalf expended, for which let execution issue, and the judgment of the trial court as thus reformed will be affirmed.

Reformed and affirmed.