Jennie M. DUDLEY, Appellant (Plaintif),

v.

Robert C. FRANKLIN; and Nell D. Combs, a/k/a Darline Combs, Darlene Combs and N. Darlene Markley, Appellees (Defendants).

No. 98–147.

Supreme Court of Wyoming.

July 8, 1999.

Rehearing Denied Aug. 3, 1999.

Joel M. Vincent of Vincent & Vincent, Riverton, WY, Representing Appellant.

Sky D Phifer of Phifer Law Office, Lander, WY, Representing Appellees.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

In this dispute over a .16 acre roadway, appellant Jennie Dudley (Mrs. Dudley) challenges the district court's entry of summary judgment quieting title in the appellees (the Franklins). She also challenges the district court's refusal to set aside the summary judgment despite her submission of additional evidence. Because we conclude the summary judgment was proper and the additional evidence submitted by Mrs. Dudley does not constitute newly discovered evidence, we affirm.

### ISSUES

Mrs. Dudley succinctly states the following issues:

1. Whether summary judgment in defendants' favor was proper.

2. Whether the trial court properly denied the appellants' motion for new trial.

The Franklins adopt Mrs. Dudley's statement of the issues and add the following:

Whether the Supreme Court should certify that there was no reasonable cause for appeal and award costs and penalties pursuant to W.R.A.P. 10.05.

### FACTS

This case centers around a .16 acre parcel of land that contains a roadway. In April of 1996, Mrs. Dudley filed a complaint seeking to quiet title to the .16 acre parcel and another .84 acre parcel. She also sought a declaration that the Franklins do not hold an

* Retired November 2, 1998.

easement over the .16 acre parcel. The Franklins answered and denied Mrs. Dudley's claim.

Both parties moved for summary judgment. In the materials submitted in support of their motion for summary judgment, the Franklins included three deeds. The deeds revealed three conveyances between the Franklins and the Dudleys (Mrs. Dudley and her now deceased husband). On August 6, 1981, the Dudleys quit claimed to the Franklins a 1.85 acre parcel of land that included the disputed .16 acre parcel. This deed also recited that "[t]his tract of land is subject to a 40 foot roadway on the west boundary." On May 28, 1982, the Franklins quit claimed 1.69 acres of the same parcel back to the Dudleys. The disputed .16 acre parcel was thus retained by the Franklins. On June 15, 1982, the Dudleys conveyed, by warranty deed, the 1.69 acre parcel back to the Franklins, leaving the Franklins as the sole owners of the entire 1.85 acre parcel. This third deed provided: "This includes the right of grantees [Franklins] to use the 40 foot roadway easement on west side of property." Relying on the three deeds, the district court granted the Franklin motion for summary judgment.

Before the district court entered a quiet title decision, Mrs. Dudley moved to set aside the summary judgment based on newly discovered evidence. As newly discovered evidence, Mrs. Dudley relied on an August 17, 1981, quit claim deed of the 1.85 acre parcel from the Franklins to the Dudleys. Mrs. Dudley also submitted an affidavit stating she has paid property tax on the property since 1955. The district court denied Mrs. Dudley's motion, finding that she had failed to establish any ground under W.R.C.P. 59 that entitled her to relief, specifically finding that the deed and affidavit did not constitute newly discovered evidence. The district court then quieted title to the 1.85 acre parcel, including the disputed .16 acre parcel, in the Franklins. The court further ruled that Mrs. Dudley does not own an easement over

the .16 acre parcel. Mrs. Dudley's timely appeal followed.

## STANDARD OF REVIEW

Our standard for reviewing summary judgment is well established. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *White v. University of Wyoming*, 954 P.2d 983, 985 (Wyo.1998). This court evaluates the propriety of summary judgment using the same standards and materials used by the district court, affording no deference to the district court's decision on issues of law. *Id.*

## DISCUSSION

Mrs. Dudley challenges the district court's grant of summary judgment, claiming that title to the .16 acre parcel should be vested in her. In the alternative, she claims that the district court incorrectly determined she does not own an easement over the .16 acre parcel. We reject these contentions.

■ We first examine whether the district court correctly granted summary judgment quieting title to the .16 acre parcel in the Franklins. In support of their motion for summary judgment, the Franklins submitted the following materials: an affidavit from the Franklins; three deeds; and two real estate contracts. The deeds reveal that, after a number of conveyances between the Dudleys and the Franklins, the Franklins eventually were deeded the 1.85 acre parcel, including the disputed .16 acre. With these deeds, the Franklins established their claim of ownership to the .16 acre parcel. To test the propriety of summary judgment, however, we must examine the materials submitted by Mrs. Dudley to ascertain their legal effect.

Mrs. Dudley's summary judgment materials included a map of the property; a quit claim deed from Mrs. Franklin to Mr. Franklin of the 1.69 acre parcel; two affidavits of survivorship establishing the death of Mrs. Dudley's spouse; and an ownership and encumbrance report[1] prepared by a title com-

---

1. In their briefs, the parties address the issue of whether the unsworn ownership and encumbrance report meets the requirements of

W.R.C.P. 56(e) and whether this court should consider it. Because the Franklins never objected to the district court's consideration of the

pany. After reviewing these materials, we conclude they neither establish ownership of the property in Mrs. Dudley's favor nor contradict the Franklin's claim of title to the property. First, neither the map nor the quit claim deed between the Franklins is helpful to our determination of who is the owner of the .16 acres because neither grants Mrs. Dudley any interest in the property. The two affidavits of survivorship are also of little help; both refer to parcels of land adjacent to the 1.85 acre parcel. Finally, the ownership and encumbrance report suffers from similar deficiencies: it refers to parcels adjacent to the 1.85 acre parcel and does not establish ownership of the .16 acre parcel. Despite her protests, Mrs. Dudley has failed to establish her claim of title or, much less, "color of title." *Hirsch v. McNeill,* 870 P.2d 1057, 1060 (Wyo.1994). With these materials before it, the district court reached the only conclusion that could be reached: it entered summary judgment quieting title to the disputed .16 acre parcel in the Franklins. The district court's decision on this issue is affirmed.

■ The next question is whether the district court correctly determined that Mrs. Dudley does not hold an easement over the .16 acre parcel. In attacking the district court's determination, Mrs. Dudley relies on (1) easement references in two deeds, and (2) an affidavit of survivorship. After reviewing these materials, we conclude that the materials do not establish an easement in Mrs. Dudley's favor.

Turning first to the two deeds, we note that the district court concluded neither of

the deeds establishes the location of the easement with the particularity required by Wyo. Stat. Ann. § 34–1–141 (Lexis 1999).[2] In this case, we need not decide whether the descriptions in the deeds are sufficient to locate the easements. This is because neither of the deeds Mrs. Dudley relies upon establishes that she has been granted an easement. The first deed states that the property is "subject to" an easement, but does not indicate who holds the easement over the property. The second deed establishes the right of the Franklins, not the Dudleys, to use an easement over the property. Because neither of the deeds establishes a grant of an easement to Mrs. Dudley, the district court was correct in determining that the two deeds were not sufficient to establish an easement for Mrs. Dudley.

■ We next examine the legal effect of the affidavit of survivorship. The affidavit does mention an easement over the .16 acre parcel and describes its location with particularity. Like the two deeds, however, the affidavit of survivorship does not establish the grant of an easement. Indeed, an affidavit of survivorship does not grant anything. Rather, such a document merely establishes that the affiant has succeeded to the interest of a deceased joint owner. Wyo. Stat. Ann. § 2–9–102 (Lexis 1999). As such, it is not a grant and does not establish Mrs. Dudley's claim to an easement. Because Mrs. Dudley has not produced any materials to establish a grant of an easement, we conclude that the district court correctly determined Mrs. Dudley does not own an easement across the .16 acre parcel.

report, they have waived their objection. *Boller v. Key Bank of Wyoming,* 829 P.2d 260, 266–67 (Wyo.1992); *Matter of Estate of Obra,* 749 P.2d 272, 276 (Wyo.1988).

**2.** Wyo. Stat. Ann. § 34–1–141 (Lexis 1999) provides in pertinent part:

(a) Except as provided in subsection (c) of this section, easements across land executed and recorded after the effective date of this act which do not specifically describe the location of the easement are null and void and of no force and effect.
\* \* \*

(d) For purposes of this act [section] the specific description required in an easement shall be sufficient to locate the easement and is not limited to a survey.

In 1981, this statute appeared as Wyo. Stat. Ann. § 16–4–101, with an effective date of May 20, 1981. It was renumbered Wyo. Stat. § 34–1–141 by 1982 Wyo. Sess. Laws ch. 62, § 1. *Edgcomb v. Lower Valley Power and Light, Inc.,* 922 P.2d 850, 852 n. 1 (Wyo.1996). If recorded before May 20, 1981, an easement is valid even if its location is not described with specificity. *Mueller v. Hoblyn,* 887 P.2d 500, 505 (Wyo. 1994).

*Motion to Alter or Amend Judgment Under Rule 59(e), W.R.C.P.*[3]

■ Nine days after summary judgment was entered in Franklin's favor, Mrs. Dudley moved to set aside the order based on newly discovered evidence. The district court denied the motion. On appeal, the parties debate the propriety of the district court's action against the guidelines contained in W.R.C.P. 59(a), which governs motions for new trial. However, it is well established under Rule 59's federal counterpart that "[a] postjudgment motion to reconsider summary judgment based on subsequently produced evidence is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)." *Webber v. Mefford,* 43 F.3d 1340, 1345 (10th Cir.1994); *Dupre v. Chevron U.S.A., Inc.,* 930 F.Supp. 248, 250 (E.D.La. 1996); *Medley v. Westpoint Stevens, Inc.,* 162 F.R.D. 697, 698–99 (M.D.Ala.1995) (compiling cases); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* §§ 2810.1, 2817 (1995). The decision to alter or amend a judgment under Rule 59(e) is committed to the sound discretion of the district court. *Webber v. Mefford,* 43 F.3d at 1345; *Dupre v. Chevron U.S.A., Inc.,* 930 F.Supp. at 250; see also *Walton v. Texasgulf, Inc.,* 634 P.2d 908, 913 (Wyo.1981).

In respect to motions under Rule 59(e), we have written:

> In order to qualify for treatment as a motion to alter or amend a judgment, the motion must articulate a new ground which could not have been brought before the court during the action and upon which the trial court should utter a different ruling. The motion to alter or amend cannot be invoked simply to argue matters already presented and disposed of by the trial court. Appropriate new grounds are: 1) an intervening change in controlling law; 2) the availability of new evidence not available at the time the case was originally heard; or 3) the need to correct a clear error of law or prevent manifest injustice.

*Sherman v. Rose,* 943 P.2d 719, 721 (Wyo. 1997) (citations omitted).

■ In this case, the only permissible Rule 59(e) ground recited by Mrs. Dudley is newly discovered evidence. Testing the evidence submitted by Mrs. Dudley (a deed and affidavit) against the newly discovered evidence standard, it is clear that the district court did not abuse its discretion in denying her motion to set aside the summary judgment. The deed that Mrs. Dudley relies on was recorded August 17, 1981. With the deed of public record for over 15 years, it was clearly available at the time the case was heard, and it thus cannot be considered newly discovered evidence. In addition, Mrs. Dudley's affidavit contains evidence that has long been available. The district court did not abuse its discretion in denying Mrs. Dudley's motion to alter or amend the judgment.

### CONCLUSION

■ The decision of the district court is affirmed. We decline to certify there was no reasonable cause for appeal, adhering to our general rule that certification is not proper when an appellant challenges a discretionary ruling. *Wood v. Wood,* 964 P.2d 1259, 1268 (Wyo.1998).

---

**3.** Rule 59(e), W.R.C.P. provides:
   *Motion to alter or amend judgment.*—Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.