# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 95

APRIL TERM, A.D. 2019

*September 11, 2019*

SWC PRODUCTION, INC., an Oklahoma
corporation,

Appellant
(Defendant),

v.                                                           S-19-0006

WOLD ENERGY PARTNERS, LLC., a
Delaware limited liability company,

Appellee
(Plaintiff).

*Appeal from the District Court of Converse County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellant:*

S. Thomas Throne of Throne Law Office, P.C., Sheridan, Wyoming.

*Representing Appellee:*

Thomas F. Reese and Will Reese of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Appellant, SWC Production, Inc. (SWC), appeals the district court's denial of its W.R.C.P. 60(b) motion, arguing that two pieces of evidence, one of which it possessed and the other which was a matter of public record at the time of trial, constituted newly discovered evidence.  SWC contends that it was not owing to a want of due diligence that it did not discover the documents in its physical possession or data available on the Wyoming Oil and Gas Conservation Commission's (Commission) website prior to trial.  The district court disagreed.  Finding no abuse of discretion, we affirm.

## *ISSUE*

[¶2]    SWC raises one issue, rephrased as:

    I.    Whether the district court abused its discretion by denying SWC's W.R.C.P. 60(b) motion.

## *FACTS*

[¶3]    Since May 2015, Wold Energy Partners, LLC (Wold) has operated the Powell Pressure Maintenance Unit (Unit).  SWC owns a non-operating working interest in the Unit.  The Unit Operating Agreement (Agreement) outlines the parties' respective duties within the Unit.  Wold, on December 20, 2016, sued for breach of contract, alleging SWC failed to pay its share of operating costs due under the Agreement.  SWC counterclaimed, arguing breach of contract, conversion, and unjust enrichment against Wold.  Subsequently, the parties filed motions for summary judgment.[1]  On July 20, 2018, the district court granted Wold's motion for summary judgment and, on August 21, 2018, entered final judgment in favor of Wold in the amount of $123,967.51, plus interest and attorneys' fees.

[¶4]    Following entry of final judgment, SWC discovered two items it characterizes as "newly discovered evidence."  First, SWC discovered, "in another file," revenue distribution "check stubs" from Wold's predecessor-in-interest.  Second, SWC discovered, on the Commission's website, production data Wold's predecessor-in-interest in the Unit submitted to the Commission.  SWC filed a W.R.C.P. 60(b) motion to set aside judgment

---

[1] The briefing alludes to Wold filing two motions for summary judgment, and SWC filing one such motion. None of these motions appear in the record, nor does the district court's order granting "partial summary judgment."  From the briefs, it appears the district court granted partial summary judgment on June 19, 2017, holding SWC breached the Agreement by failing to pay its monthly share.  Then, on August 21, 2018, the district court granted Wold's second motion, finding SWC failed to rebut Wold's prima facie showing it was entitled to judgment.

based on this "newly discovered evidence."[2]  SWC alleged both items, taken together, proved Wold's predecessor-in-interest failed to pay SWC according to the Agreement—a liability SWC alleged Wold assumed when it became the operator of the Unit.  The district court concluded that neither item of evidence was "newly discovered" and denied SWC's motion.  SWC appealed.

## STANDARD OF REVIEW

[¶5]   We review the district court's denial of SWC's W.R.C.P. 60(b) motion for abuse of discretion.  *Campbell v. Hein*, 2013 WY 131, ¶ 8, 311 P.3d 165, 167 (Wyo. 2013); *Painovich v. Painovich*, 2009 WY 116, ¶ 5, 216 P.3d 501, 503 (Wyo. 2009).  "An abuse of discretion occurs where the district court could not reasonably have concluded as it did." *Drury v. State*, 2008 WY 130, ¶ 8, 194 P.3d 1017, 1019 (Wyo. 2008) (citing *Thomas v. State*, 2006 WY 34, ¶ 10, 131 P.3d 348, 352 (Wyo. 2006)).  "[I]t is the movant's burden to bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof."  *Painovich*, ¶ 5, 216 P.3d at 503 (citing *In re Injury to Seevers*, 720 P.2d 899, 901 (Wyo. 1986)).  An order denying relief will be reversed only if the trial court was clearly wrong.  *Id.* (citing *Seevers*, 720 P.2d at 901).

## DISCUSSION

**I.      Neither documents in a party's possession nor public records in existence at the time of trial are newly discovered evidence if, with due diligence, they could have been discovered prior to trial.**

[¶6]   Rule 60(b) "'provide[s] the courts with the means of relieving a party from the oppression of a final judgment or order, on a proper showing' where such judgments are 'unfairly' or 'mistakenly' entered."  *Erhart v. Flint Eng'g & Constr.*, 939 P.2d 718, 722 (Wyo. 1997) (quoting *Westring v. Cheyenne Nat'l Bank*, 393 P.2d 119, 123–24 (Wyo. 1964)).  On a proper showing, a court can afford relief under the Rule in six different circumstances.  *See* W.R.C.P. 60(b).  One such circumstance—the circumstance SWC proffered in its motion—is for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"  *Id.* at (b)(2).

---

[2] SWC sought relief from judgment under W.R.C.P. 60(b)(2) and also under (b)(3) for fraud or misrepresentation.  SWC does not seek our review of the district court's denial of its Rule 60(b)(3) claim. SWC nevertheless suggests that the "newly discovered evidence" proves fraud or misrepresentation and, therefore, it is not owing to the want of due diligence that SWC did not discover the information.  SWC did not present this argument to the district court and we will not consider it here. *See Utley v. Lankford*, 2013 WY 65, ¶ 28, 301 P.3d 1092, 1101 (Wyo. 2013) (citations omitted) ("This Court strongly adheres to a rule that it will not address issues that were not properly raised before the district court.").

2

[¶7]    "We will not identify any abuse of discretion in the refusal of the district court to grant a new trial on the basis of newly discovered evidence unless the record establishes" each of four prerequisites. *Kavanaugh v. State*, 769 P.2d 908, 913 (Wyo. 1989).  Those prerequisites are: (1) evidence came "to the movant's attention subsequent to" trial; "(2) it was not 'owing to the want of due diligence' that it was not discovered earlier; (3) the evidence is so material that it would probably produce a different verdict in a new trial; and (4) the evidence is not cumulative, that is, it does not speak to facts 'in relation to which there was evidence at trial.'"  *Id.* (quoting *Keser v. State*, 737 P.2d 756, 759–60 (Wyo. 1987)); *see also Opie v. State*, 422 P.2d 84, 85 (Wyo. 1967); *Dudley v. Franklin*, 983 P.2d 1223, 1227 (Wyo. 1999) (analyzing the same factors when reviewing a district court's denial of a Rule 59(e) motion after entry of summary judgment against the movant). The second prerequisite is determinative in this case.  *See Kavanaugh*, 769 P.2d at 913.

[¶8]    SWC had the check stubs, but did not discover them, prior to final judgment. Evidence in a party's possession before a court renders judgment generally is not newly discovered evidence warranting relief under Rule 60(b)(2).  *Seevers*, 720 P.2d at 903 (citing 11 Wright & Miller, Federal Practice and Procedure: Civil § 2859 (1973)).  To determine whether SWC could have discovered the check stubs in its possession prior to summary judgment, we must consider whether SWC exercised due diligence.  Black's Law Dictionary defines "due diligence" as: "The diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation."  *Black's Law Dictionary* 573 (11th ed. 2019).[3]  The diligence reasonably expected of SWC—an oil and gas producer with Wyoming interests—in defending against a motion for summary judgment and supporting its counterclaim under an oil and gas contract to which it is a party, would include an earlier search of all its files and information publicly available on the Commission's website for documents or data that would establish a genuine issue of material fact or definitively resolve the dispute.  Seeing nothing in the record to evidence such diligence, we have little difficulty determining the documents in SWC's possession and publicly available data could have been discovered had SWC exercised due diligence.

[¶9]    SWC does not dispute that the check stubs were always in its possession; rather, it argues that the check stubs could not have been discovered through due diligence because they were in a separate file from the rest of its Unit information.  A previous administrative assistant apparently misplaced or misfiled the check stubs and the new administrative assistant did not find them at the time SWC presented documents to the court in support of

---

[3] We have not previously defined "due diligence" in the context of a Rule 60(b) motion, but we previously relied on the Black's Law Dictionary definition of "due diligence" in the context of discovery requirements in a statute of limitation and in requirements for a claimant pursuing his or her workers' compensation claim.  *See, e.g.*, *Moats v. Prof'l Assistance, LLC*, 2014 WY 6, ¶ 22, 319 P.3d 892, 897 (Wyo. 2014) (quoting *Black's Law Dictionary* (6th ed. 1990)); *Pittman v. State ex rel. Wyoming Worker's Compensation Div.*, 917 P.2d 614, 617–18 (Wyo. 1996) (same).  We apply Black's most recent definition to the circumstances of this case because it is congruent with our precedent.

3

its counterclaim. Misfilings can and do occur; however, a reasonable and prudent litigant, when counterclaiming that the plaintiff failed to pay royalties under the Agreement, would exercise due diligence by thoroughly reviewing its files upon discovering it could not find the records to support its counterclaim in the designated filing location. We can find no fault in the district court's refusal to grant SWC's Rule 60(b) motion with respect to the check stubs because the failure to discover this evidence was owing to SWC's want of due diligence.[4]

[¶10] Likewise, had SWC exercised due diligence, it would have discovered publicly available data in support of its counterclaim prior to final judgment. Though we have never squarely considered whether public records constitute newly discovered evidence under Rule 60(b), our Rule 59 precedent makes clear that information in the public record is not "newly discovered."[5] *See, e.g.*, *Dudley*, 983 P.2d at 1227. In *Dudley*, we held that a "deed of public record for over 15 years . . . was clearly available at the time the case was heard, and it thus cannot be considered newly discovered evidence." *Id.* The federal courts generally agree that information in the public record is not "newly discovered evidence." *See, e.g.*, *Christ Center of Divine Philosophy, Inc., v. Elam*, 763 F.App'x 740, 743–44 (10th Cir. 2019) (reasoning that evidence in the public domain at the time of trial was not newly discovered under Rule 59); *United States v. Dailide*, 316 F.3d 611, 622–23 (6th Cir. 2003) (same).

[¶11] Although *Dudley* predates the proliferation of internet information, the fact that a deed in the public record at the time of trial was not "newly discovered" leads us to conclude that records maintained publicly by a state agency—one that regulates oil and gas production and that maintains and reports statewide oil and gas production records on its website—cannot constitute evidence newly discovered by an oil and gas producer subject to that agency's regulatory authority. *See United States v. Iverson*, 818 F.3d 1015, 1021–

---

[4] SWC also contends the district court abused its discretion by confusing check stubs with unpaid invoices. The record makes clear any mistake the district court made in characterizing the documents SWC possessed and claimed were newly discovered was nominal and not germane to its legal analysis or our conclusion.

[5] Federal Rule of Civil Procedure 60(b)(2) is identical to Wyoming Rule of Civil Procedure 60(b)(2). *Compare* Fed. R. Civ. P. 60(b)(2) ("[N]ewly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"), *and* W.R.C.P. 60(b)(2) ("[N]ewly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"). "When this Court construes rules of civil procedure which are virtually identical to their federal counterparts, pertinent federal authority is persuasive." *Busch v. Horton Automatics, Inc.*, 2008 WY 140, ¶ 14, 196 P.3d 787, 790 (Wyo. 2008) (citation omitted). The federal courts, when construing Rule 60(b)(2), find caselaw on Rule 59 authoritative. *See* 11 Wright & Miller, Federal Practice and Procedure: Civil § 2859 (Aug. 2019 Update) ("The same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2), and decisions construing Rule 59 in this context are authoritative in construing Rule 60(b)(2)"); *see also Peacock v. Board of School Com'rs of City of Indianapolis*, 721 F.2d 210, 213 (7th Cir. 1983) (stating "Rule 60(b)(2) [of the Federal Rules of Civil Procedure], then, is analogous to Rule 59(b), and the same criteria apply in evaluating 'new evidence' offered under the two rules.").

4

22 (10th Cir. 2016) (finding information from an agency's website a public record under the public-records exception to the hearsay rule). Accordingly, the diligence reasonably expected of SWC in defending against a motion for summary judgment and prosecuting its counterclaim would include investigating the Commission website to determine whether the amount it received from the Unit operator conformed with the publicly available production records. The district court did not abuse its discretion in finding the evidence was not newly discovered because SWC should have discovered the public production records through the exercise of due diligence.

## II. Attorneys' Fees

[¶12] Wold asserts a right under the Agreement to attorneys' fees incurred through this appeal. We have recognized that attorneys' fees may be recovered if expressly provided for by contract, *Kinstler v. RTB South Greeley, Ltd. LLC*, 2007 WY 98, ¶ 13, 160 P.3d 1125, 1129 (Wyo. 2007), and that "[a] contract for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial." *Ahearn v. Tri-County Federal Savings Bank*, 954 P.2d 1371, 1373 (Wyo. 1998) (quoting *Shoup v. Mayerson*, 454 P.2d 666, 670 (Okla. 1969)). However, we cannot simply take it on Wold's word that the Agreement entitles it to attorneys' fees as a result of our disposition of this appeal. The record consists only of SWC's Rule 60(b) motion and the district court's denial of the same. It does not include the Agreement. Accordingly, Wold should submit its request for attorneys' fees, including documentation establishing its entitlement to and the reasonableness of its fees, pursuant to W.R.A. P. 10.06.

## CONCLUSION

[¶13] The district court did not abuse its discretion in finding that neither the check stubs nor the Commission production data satisfied W.R.C.P. 60(b)'s "newly discovered evidence" requirement because both items could have been timely discovered with due diligence. We defer ruling on Wold's attorneys' fees request until after we receive its motion and supporting documentation in accordance with W.R.A.P. 10.06.

[¶14] Affirmed.