**Francis B. AHEARN, Appellant (Defendant),**

v.

**TRI-COUNTY FEDERAL SAVINGS BANK, formerly known as Tri–County Federal Savings and Loan Association, Appellee (Plaintiff).**

No. 97–26.

Supreme Court of Wyoming.

Dec. 4, 1997.

Eric M. Alden, Wheatland, for Appellant.

Rex E. Johnson of Sherard, Sherard and Johnson, Wheatland, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Francis Ahearn appeals from the summary judgment which was entered in favor of Appellee Tri–County Federal Savings Bank (the bank).

We affirm.

## ISSUES

Ahearn presents the following issues for our review:

I. In granting Summary Judgment, may a Court rely upon pleadings and affi-

davits filed after the Summary Judgment hearing?

II. If after-filed pleadings are considered, do the time limits for notice and opportunity to respond apply?

III. Even if the after-filed pleadings are considered, has Tri–County Federal Savings Bank proven it is the record holder of the subject mortgage?

### FACTS

Ahearn defaulted under the terms of a promissory note and mortgage which he and his ex-wife had signed in favor of the bank. The bank sued Ahearn, his ex-wife, and three junior lien holders, demanding immediate payment of the entire unpaid balance.

The bank moved for a summary judgment, arguing that no genuine issues of material fact existed and that, as a matter of law, it was entitled to be awarded a judgment against the Ahearns because they had defaulted on the promissory note and mortgage. Ahearn failed to timely respond to the bank's motion for a summary judgment. He did, however, appear at the October 30, 1996, hearing during which the district court allowed him to address the court. Although Ahearn did not oppose the granting of the summary judgment, he was concerned that the bank changed its name in 1993 from Tri–County Federal Savings and Loan Association to Tri–County Federal Savings Bank. The district court, therefore, ordered the bank to file a motion to amend the caption.

The bank subsequently filed a motion to amend the caption together with an affidavit from its vice president/branch manager in which she averred that the bank changed its name in 1993. Ahearn responded by sending a letter to the district court, stating that "a simple amendment of the caption was not adequate to resolve the problem presented in this case." He claimed that the bank was required to present documentation to prove that it held an interest in the mortgage. After considering the materials before it, the district court granted the motion to amend the caption and also granted the motion for a summary judgment. Ahearn appeals from the summary judgment order.

### STANDARD OF REVIEW

 Summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Kirkwood v. CUNA Mutual Insurance Society*, 937 P.2d 206, 208 (Wyo.1997); *see also* W.R.C.P. 56(c). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Kirkwood*, 937 P.2d at 208. We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Id.* We do not accord any deference to the district court's decisions on issues of law. *Id.*

### DISCUSSION

 Ahearn essentially claims that the district court improperly granted the bank's motion for a summary judgment and that he was, therefore, denied due process of law. The bank replies that the district court acted properly and that, even though the district court could have granted the summary judgment once Ahearn failed to respond to the bank's motion, it gave Ahearn the opportunity to be heard at the hearing.

The thrust of Ahearn's complaint is that the district court should not have considered the affidavit which was attached to the motion to amend the caption and that it should have conducted a formal hearing on this motion. We disagree. Although the district court did not have to hear from Ahearn at the hearing, it chose to do so in order to find out what Ahearn's concerns were. In an attempt to assuage Ahearn's concern over the bank's name change, the district court ordered the bank to move to amend the caption, and the bank did so. The district court considered a letter which was sent by Ahearn in response to the motion to amend the caption before making its final decision. We do not perceive a denial of due process in this case. On the contrary, the district court went out of its way to provide Ahearn with an adequate opportunity to be heard.

Furthermore, Ahearn has failed to demonstrate that his substantial rights were prejudiced. " 'An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights.' " *Robinson v. Hamblin*, 914 P.2d 152, 155 (Wyo.1996) (quoting *Candelaria v. State*, 895 P.2d 434, 439–40 (Wyo.1995)). "An error, to be prejudicial, must 'cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process [or possess] a clear capacity to bring about an unjust result.' " *Id.* (quoting *Natural Gas Processing Co. v. Hull*, 886 P.2d 1181, 1188 (Wyo.1994)).

The simple fact of the matter is that Ahearn defaulted on the promissory note and mortgage to the bank. The procedural motion to amend the caption did not create a genuine issue of material fact which prevented a summary judgment from being entered. Ahearn has failed to present issues which, if they were specifically addressed, would justify a reversal of this case. We, therefore, cannot determine that the summary judgment was improperly granted.

Affirmed.