Francis B. AHEARN, Appellant
(Defendant),

v.

TRI–COUNTY FEDERAL SAVINGS
BANK, Appellee (Plaintiff).

No. 97–144.

Supreme Court of Wyoming.

March 12, 1998.

Eric M. Alden, Wheatland, for Appellant (Defendant).

Rex E. Johnson of Sherard, Sherard and Johnson, Wheatland, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

In his second appeal following the foreclosure of a promissory note and mortgage, Appellant Francis B. Ahearn appeals the award of attorney fees for an appeal.

We affirm.

## ISSUES

Ahearn presents these issues for our review:

I.  In a mortgage foreclosure action, may the Trial Court award as attorneys fees amounts contracted (although unearned and unpaid) for the defense of an appeal from the Judgment of Foreclosure?

A.  Does a District Court award of appellate attorneys fees invade the jurisdiction of the Supreme Court?

B.  Does entry of a judgment extinguish the underlying note and mortgage through merger and therefore extin-

guish the contractual right to claim attorneys fees?

C. Do the terms of the note and mortgage in this case authorize the award of attorneys fees for a post foreclosure appeal?

D. May the Court award attorneys fees for work not yet performed?

E. May the Court award attorneys fees which are unpaid and not yet due under the attorneys employment agreement?

Tri–County presents a single issue for our review:

The issue in this case is whether the District Court abused its discretion when (as a part of its Order Confirming Sale and Approving Attorney Fees) it approved a lump sum attorney fee agreement for work to be performed after the foreclosure sale.

## FACTS

In *Ahearn v. Tri–County Federal Savings Bank*, 948 P.2d 896 (Wyo.1997), this Court affirmed an order granting summary judgment to Tri–County Federal Savings Bank (Tri–County). Tri–County had sued Ahearn to collect on the unpaid balance of his defaulted promissory note and mortgage and was granted summary judgment. Ahearn filed an appeal of that order on January 2, 1997. *Id.* While that appeal was pending, Tri–County proceeded to foreclose, publishing a notice of foreclosure sale for four consecutive weeks and setting the sale for January 16, 1997. Several days before the sale, Ahearn filed a motion for a stay of foreclosure sale. The district court held a hearing and entered an order setting supersedeas bond which estimated the attorney fees associated with Tri–County's defense of the appeal and any other matters post-sale filed by Ahearn to be approximately $10,000.00. This entry of attorney fees was based on an agreement entered into on January 16, 1997, by Tri–County and its attorney which provided for the payment of attorney fees associated with work to be performed after the sale of the property. No supersedeas bond was filed, and the sale was held on January 16, 1997.

Tri–County was the only bidder, and it purchased the property and received a certificate of sale. Tri–County bid $53,257.23, the amount set forth in its Certificate of Judgment Amount which was filed prior to the sale. Of the total amount, $38,664.81 was for the mortgage, $12,963.58 was asserted as a claim for attorney fees and was in addition to the fees and costs of $2,651.20 awarded in the original judgment. Ahearn sought to have the sale held invalid and to have Tri–County held in contempt. The district court denied this request. Ahearn then filed a motion in this Court for an expedited hearing and decision or in the alternative for an order suspending the redemption period, which was denied by this Court. Tri–County filed a motion for an order confirming sale and approving attorney fees accompanied by an affidavit from Douglas W. Weaver, an attorney, testifying that Tri–County's requested attorney fees, including the attorney fee agreement, were fair and reasonable. A hearing was conducted on this motion on April 4, 1997, and Weaver testified and was cross-examined by counsel for Ahearn. Ahearn did not present any evidence or witnesses at the hearing. The district court issued a decision letter granting Tri–County's motion to confirm the sale and found that the attorney fees were reasonable with the exception of a charge to draft the fee agreement.

The district court's decision letter said:

Both the promissory note and the mortgage obligate Ahearn (the mortgagors) to pay the costs of collection, including attorney's fees, and because of the appeal, there is no way to calculate these fees to the penney [sic] at the time of the sale. If the judgment and sale are confirmed on appeal, and the Plaintiff is not allowed to collect its attorney's fees for that process, it loses part of the benefit of its bargain.

Neither party presented the Court with any law supporting their respective positions. In the absence of controlling precedent, the Court finds no good policy reason for the disallowance of appellate fees in such situation.... A mortgagee should not have to incur the additional expense and risk of postponing the foreclosure sale to a point in time after the appeal in order to determine the exact hourly charge for additional attorney's fees. If the mortgagee's attorney will enter into a reasonable

set fee agreement, it should be enforceable.

A junior lienholder redeemed Tri–County's purchase without objection to the attorney fees. The parties agree that Ahearn is insolvent.

## DISCUSSION

▮ It is settled law in Wyoming that attorney's fees cannot be recovered unless expressly provided for by statute or contract. *DeWitt v. Balben*, 718 P.2d 854, 863 (Wyo. 1986). *DeWitt* also held that a contractual provision allowing attorney fees included fees incurred on an appeal. *DeWitt*, 718 P.2d at 866. In *Greenough v. Prairie Dog Ranch, Inc.*, 531 P.2d 499 (Wyo.1975), this Court held that attorney fees are always subject to the court's determination that they are reasonable, and a determination of what is reasonable is a factual question to be decided upon the evidence and facts in each individual case. *Greenough*, 531 P.2d at 503–04. Ahearn relies upon two reasons for his contention that the district court erred in awarding fees for an appeal. First, *DeWitt* held that this Court is the appropriate court for determining the reasonableness of attorney fees on appeal and, second, appellate fees are not available because the contractual agreement between the parties, the note and the mortgage has been merged into judgment.

Ahearn's second theory has been the basis for denying attorneys' fees on appeal in a number of cases. H.H. Henry, Annotation, *Contractual provision for attorneys' fees as including allowance for services rendered upon appellate review*, 52 A.L.R.2d 863, 871 and Later Case Service, 49–55 A.L.R.2d at 482. In recent cases, however, the majority view allows such fees on appeal. The general rule is stated as:

> [a] contract for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial.

*Shoup v. Mayerson*, 454 P.2d 666, 670 (Okla. 1969); *Zambruk v. Perlmutter 3rd Generation Builders, Inc.*, 32 Colo.App. 276, 510 P.2d 472, 475–76 (1973); *Cabot v. First National Bank of Santa Fe*, 81 N.M. 795, 474 P.2d 478, 479–80 (1970). We agree with and adopt the majority view allowing fees on appeal for the prevailing party to a contract.

As for Ahearn's other point, Tri–County agrees that attorney fees for appeals are generally determined by the appellate court; however, it contends that the district court properly approved the attorney fee agreement because it was part of the process to approve and confirm the sale and attorney fees. As Ahearn indicates, the practical effect of the district court's action of including the attorney fees as part of the judgment was to enable Tri–County to recoup them when the junior lienholder redeemed rather than having to pursue a separate action against an insolvent Ahearn to collect the attorney fees. The practical effect on Ahearn was to reduce the amount of money available to him to satisfy the judgment against him by junior lienholders, one of which is the Internal Revenue Service. The issue, however, is whether attorney fees for future services can be ordered by the district court.

▮ Ordinarily, future attorney fees are not recoverable because there is insufficient evidence to find they are reasonable. *See Greenough,* 531 P.2d at 503–04. At the hearing, the district court received evidence that after the order of foreclosure was made: 1) Ahearn filed a motion for a stay of foreclosure, received a hearing on it and an order was entered; 2) Ahearn filed a motion for an order declaring the sale invalid and finding plaintiff in contempt after the foreclosure sale, received a hearing on it and an order was entered; 3) an appeal to the Supreme Court was filed regarding the order of foreclosure; 4) Ahearn filed a motion with this Court for an expedited hearing and a request that the redemption period be suspended; and 5) Tri–County was claiming these actions would result in eighty hours of legal services at $125.00 per hour. In its decision letter, the district court considered the particular circumstances of this case, noting that

> this had been a hard-fought contest, with little, if anything, conceded by Ahearn along the way. The amount of work is commensurate with the case and its issues, and the amount charged is commensurate with the attorney's experience, and amounts charged by other attorneys in the state.

In this case, as a practical matter, the appeal had already been filed and action taken on several other motions by Ahearn, and it was, therefore, reasonable for the district court to award these attorney fees as a sum certain based on estimated expenditures at such a late stage of the foreclosure action.

The order of the district court is affirmed.