2006 WY 146

**Dorothy RODRIGUEZ, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

No. 06–46.

Supreme Court of Wyoming.

Nov. 13, 2006.

Representing Appellant: Guy P. Cleveland, of Cleveland Law Office, LLC, Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Dorothy Rodriguez challenges the denial of her claim for worker's compensation benefits. She appealed the denial to the district court claiming the Office of Administrative Hearings ("OAH") "acted arbitrarily, capriciously, abused its discretion, or otherwise [acted] not in accordance with law within the meaning of W.S. § 16–3–114(c)." Ms. Rodriguez also claimed the OAH's determination that she failed to meet her burden of proof was not supported by substantial evidence. The district court affirmed the denial of benefits.

[¶ 2] In response, the State of Wyoming Workers' Safety and Compensation Division ("Division") raises a preliminary issue concerning Ms. Rodriguez's failure to comply with the Wyoming Rules of Appellate Procedure. The Division identifies the following violations:

A. Ms. Rodriguez failed to file a designation of record contemporaneously with filing her brief in violation of W.R.A.P. 3.05(b).

B. Ms. Rodriguez's brief failed to comply, in multiple respects, with the requirements of W.R.A.P. 7.01.

1. A statement of the facts is presented, however, the appropriate references to documents listed in the index of the transmitted record is not present, as required by W.R.A.P. 7.01(e)(2).

2. Ms. Rodriguez fails to support her contentions with citations to authorities, statutes and parts of the record relied on, as required by W.R.A.P. 7.01(f)(1).

3. The argument does not set forth a concise statement of the applicable standard of review for each issue, as required by W.R.A.P. 7.01(f)(2).

4. The conclusion fails to state the precise relief sought, as required by W.R.A.P. 7.01(g).

5. The title page does not contain the appropriate caption as required by W.R.A.P. 7.01(a)(1).

In light of these alleged violations, the Division asks this Court to exercise its discretion under W.R.A.P. 1.03 and either refuse to consider Ms. Rodriguez's contentions, dismiss the appeal, or summarily affirm the decision of the OAH.

[¶ 3] Upon our review, we agree that Ms. Rodriguez has failed to comply with the Wyoming Rules of Appellate Procedure as identified by the Division. Additionally, we note that Ms. Rodriguez has also failed to comply with other provisions of the appellate rules. *See, e.g.,* W.R.A.P. 7.01(c) (table of authorities not listed alphabetically and omits page references); W.R.A.P. 7.05(b)(3) (inappropriate type font); and W.R.A.P. 7.01(j) (appendix shall contain a statement of costs).

[¶ 4] A party seeking judicial review of an administrative action must comply with the Wyoming Rules of Appellate Procedure. *See, e.g., Nathan v. American Global University,* 2005 WY 64, ¶ 4, 113 P.3d 32, 33 (Wyo.2005) (citing W.R.A.P. 1.02 and 12.11). When a party fails to do so, we may refuse to consider the offending party's contentions; assess costs; dismiss the appeal; or affirm the lower court's or agency's decision. W.R.A.P. 1.03; *Nathan,* ¶ 4, 113 P.3d at 33; *Finch v. Pomeroy,* 2006 WY 24, ¶ 3, 130 P.3d 437, 438 (Wyo.2006).

[¶ 5] Ms. Rodriguez fails to provide any citation to the Wyoming Workers' Compensation Act or a specific provision contained therein pertinent to the issues of her case. She also fails to set forth the elements of her claim and does not cite to the record or provide relevant legal authority to support her contentions. The cumulative deficiencies result in a failure to present cogent argument. We therefore summarily affirm the decision of the OAH.