2007 WY 98

**Kort KINSTLER, Appellant (Defendant),**

**v.**

**RTB SOUTH GREELEY, LTD. LLC, Appellee (Plaintiff).**

No. 06–218.

Supreme Court of Wyoming.

June 19, 2007.

Rehearing Denied July 17, 2007.

Representing Appellant: Kort Kinstler, pro se.

Representing Appellee: Dale W. Cottam and Lindsay Ann Woznick, Hirst & Applegate, PC, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Kort Kinstler, appeals from a judgment entered in favor of RTB South Greeley, LTD., LLC ("RTB"), arising from a failure to pay rent for premises leased from RTB.[1] Mr. Kinstler contends that the failure to pay rent was excused by RTB's material breach of the lease agreement ("Lease"). The district court rejected Mr. Kinstler's claim, finding that Mr. Kinstler had failed to provide RTB with written notice of the default and the opportunity to cure the default as required by the Lease. We affirm.

## ISSUES

[¶ 2] Mr. Kinstler's brief raises twenty issues. We will focus on the one issue we find dispositive.

I. Did the district court err in its finding of fact that Mr. Kinstler had not complied with the Lease's requirement to notify RTB of the alleged default, or in its conclusion of law that Mr. Kinstler could not rely on the alleged default as a material breach that excused him from paying rent?

RTB lists two additional issues that we will also address.

I. Should the district court's decision be summarily affirmed, or Mr. Kinstler sanctioned, because of his failure to comply with the Wyoming Rules of Appellate Procedure?

II. Does the Lease entitle RTB to an award of attorney's fees against Mr. Kinstler?

---

1. In addition to Kort Kinstler, the Lease lists Liberty Tax Service # 2837 ("Liberty") and Kyle Kinstler as tenants "jointly, severally and individually." The district court entered judgment "jointly and severally" against Liberty, Kyle Kinstler, and Kort Kinstler. Only Kort Kinstler appealed from the district court's ruling. In discussing the Lease and the duties under the Lease, our references to Mr. Kinstler include all tenants.

### STANDARD OF REVIEW

[¶ 3]   We review a district court's findings of fact and conclusions of law using a clearly erroneous standard for the factual findings and a *de novo* standard for the conclusions of law. *Belden v. Thorkildsen,* 2007 WY 68, ¶ 11, 156 P.3d 320, 323 (Wyo. 2007).   When a district court hears a case without a jury, the clearly erroneous standard is varied slightly:

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict.   While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record.   Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence.   Findings of fact will not be set aside unless they are clearly erroneous.   A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Id.*

### FACTS

[¶ 4]   On November 11, 2003, Mr. Kinstler and RTB entered into a commercial lease for office space located at 120 North Greeley Highway in Cheyenne, Wyoming.   Pursuant to the terms of the Lease, Mr. Kinstler was obligated to pay $1,000 per month for rent plus operating expenses from December 15, 2003, through April 30, 2005.   The Lease incorporated a document called a Landlord Work Letter that provided, "In the spring of 2004, Landlord to landscape the area next to the east windows of the north office."   The Lease also provided that, "In the event of any alleged default on the part of Landlord, Tenant shall give notice to Landlord and afford Landlord a reasonable opportunity to cure such default."   The Lease further stated that, "All notices or other communications required or desired to be given to Landlord must be in writing."

[¶ 5]   RTB failed to complete the landscaping work as required.   In response, Mr.

Kinstler stopped paying rent in the summer of 2004.   RTB evicted Mr. Kinstler from the premises in the fall of 2004.

[¶ 6]   In April 2005, RTB filed a complaint in district court seeking to recover the rents due through April 30, 2005, the expiration date of the Lease.   Mr. Kinstler denied liability and affirmatively asserted, *inter alia,* that RTB's failure to provide the landscaping was a material breach of the Lease that excused him from paying rent.   After a hearing, the district court found in favor of RTB. The court interpreted the Lease as requiring Mr. Kinstler to provide RTB with written notice of any alleged default, and with a reasonable opportunity to cure that default. The district court found that Mr. Kinstler had not complied with the Lease's notice requirement, and concluded that Mr. Kinstler could not rely upon the alleged default as a material breach that excused the payment of rent.   The district court entered judgment in favor of RTB in the amount of $26,411.52, which included sums for past due rent, late fees, interest, attorney's fees, and costs.   This appeal followed.

### DISCUSSION

### I.   Material breach

[¶ 7]   Mr. Kinstler contends that RTB's failure to provide the required landscaping was a material breach of the Lease. He argues that this material breach excused him from paying rent.   Mr. Kinstler argues correctly that, under some circumstances, one party's material breach of an agreement may excuse the other party's performance under that agreement.   *See, e.g., Williams v. Collins Communications,* 720 P.2d 880, 891 (Wyo.1986).   In this case, however, the district court found that Mr. Kinstler was not entitled to rely on any alleged breach by RTB because he had not complied with the Lease's requirement to provide notice of an alleged default. The district court explained its rationale as follows:

> The Defense argues that this contract is not enforceable because there was a material breach.   I think that Item 21—Paragraph 21 requires that notice be in writing because of Paragraph 28.2.  28.2 says "No-

tice as to the landlord must all be in writing." So, therefore, it says, "In the event"—this is Paragraph 21—"In the event of any alleged default on the part of the landlord, tenant shall give notice and afford landlord—and afford landlord a reasonable opportunity to cure."

Now, I've looked through these exhibits to see if any such notice was given. The only thing that comes close, arguably close, is Exhibit Number J, but I don't believe it has any language in there calculated to meet the requirements of Paragraph 21. There was no opportunity to cure language in this particular correspondence. . . .

■ [¶ 8] The notice requirement contained in the Lease is clear and unambiguous and must be enforced as written. *Sinclair Oil Corp. v. Republic Ins. Co.*, 929 P.2d 535, 539 (Wyo.1996); *Prudential Preferred Props. v. J & J Ventures*, 859 P.2d 1267, 1271 (Wyo.1993). Pursuant to these clear and unambiguous terms, Mr. Kinstler was required to provide RTB with written notice of any alleged default and provide RTB an opportunity to cure it. When a party fails to provide notice of a material breach, if required by the terms of the lease, reliance on that breach to excuse contractual performance is improper. *See Brown v. Johnston*, 2004 WY 17, ¶ 32, 85 P.3d 422, 431 (Wyo. 2004) (Lessor could not rely on material breach because he did not give notice of the alleged breach as required.). The district court found that Mr. Kinstler did not provide the required notice. In this appeal, Mr. Kinstler has not identified any evidence in the record establishing that the required notice was given. In the absence of such evidence, we cannot find the district court's decision clearly erroneous.

[¶ 9] In reaching this result, we also resolve most of the other issues raised by Mr. Kinstler. For example, Mr. Kinstler argues that RTB's obligation to do the landscaping work was a term specifically negotiated for this Lease. Because it was such a significant term of the Lease, he contends that its breach was necessarily a material breach. However, whether or not the breach was material, the district court correctly concluded that Mr. Kinstler could not rely on it

because he failed to comply with the Lease's notice requirement.

■ [¶ 10] The only other issues raised by Mr. Kinstler were presented without cogent argument or pertinent authority. Our rules of appellate procedure require that arguments be supported with "citations to the authorities, statutes and parts of the record relied on." W.R.A.P. 7.01(f)(1). When a party fails to comply with the rules of appellate procedure, we may refuse to consider that party's contentions. W.R.A.P. 1.03; *Rodriguez v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2006 WY 146, ¶ 4, 146 P.3d 487, 488 (Wyo.2006). "We have consistently refused to address claims not supported by cogent argument or citation to pertinent authority whether a pro se litigant or counsel files the brief." *Odegard v. Odegard*, 2003 WY 67, ¶ 29, 69 P.3d 917, 925 (Wyo.2003). Because Mr. Kinstler failed to comply with our appellate rules, we will not consider his remaining issues.

## II. Summary affirmation or additional sanctions

■ [¶ 11] RTB asserts that Mr. Kinstler's brief fails to meet the requirements of W.R.A.P. 7.01 in several respects, including the lack of a statement of the issues, and the failure to support claims with cogent argument or pertinent authority. On that basis, RTB urges us to affirm the district court's decision summarily, or to impose additional sanctions against Mr. Kinstler. We decline to do so.

■ [¶ 12] Reasonable compliance with applicable procedural rules and requirements is mandatory, but we afford *pro se* litigants some leniency from the stringent standards applied to formal pleadings drafted by attorneys. *White v. Table Mt. Ranches Owners Ass'n, Inc.*, 2006 WY 2, ¶ 8, 125 P.3d 1019, 1021 (Wyo.2006), quoting *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo.2002). Mr. Kinstler's brief presented at least one issue with sufficient support and clarity to allow meaningful review. We have declined to consider those issues that were not supported by cogent argument or pertinent authority. Because the technical violations of

the appellate rules did not preclude meaningful review, we will not impose additional sanctions. *See Furman v. Rural Elec. Co.,* 869 P.2d 136, 139 (Wyo.1994).

### III. Attorney's fees

[¶ 13] RTB also asserts that it is entitled to an award of its attorney's fees on appeal. Attorney's fees are recoverable if expressly provided for by statute or contract. *Ahearn v. Tri–County Federal Savings Bank,* 954 P.2d 1371, 1373 (Wyo.1998). Where a contract allows the award of attorney's fees, that includes fees incurred on appeal. *Cline v. Rocky Mountain, Inc.,* 998 P.2d 946, 953 (Wyo.2000); *Ahearn,* 954 P.2d at 1373; *DeWitt v. Balben,* 718 P.2d 854, 865 (Wyo.1986).

[¶ 14] The Lease in this case provides that, "If any suit is brought because of an alleged breach of this Lease, the prevailing party is also entitled to recover from the other party all reasonable attorney['s] fees and costs incurred in connection therewith." RTB is the prevailing party, and is therefore entitled to recover reasonable attorney's fees incurred on this appeal. *Shepard v. Beck,* 2007 WY 53, ¶ 17, 154 P.3d 982, 989 (Wyo. 2007); *see also* Wyo. Stat. Ann. § 1–14– 126(b) (LexisNexis 2005). We will determine the appropriate sum to be awarded after counsel submits proper documentation.

### CONCLUSION

[¶ 15] We do not find the district court's decision to be clearly erroneous. Mr. Kinstler failed to comply with the Lease's requirement to notify RTB of an alleged default and, as a result, Mr. Kinstler cannot rely on it as a material breach that excused him from paying rent. Mr. Kinstler's technical violations of the rules of appellate procedure did not preclude meaningful review. We therefore decline the invitation to summarily affirm or impose other sanctions. Under the terms of the Lease, RTB is, however, entitled to an award of reasonable appellate attorney's fees. This amount shall be determined after submission of proper documentation by counsel.

[¶ 16] Affirmed.