2012 WY 154

In the Matter of the Modification of the MARK E. DOWELL IRREVOCABLE TRUST # 1, DATED THE 16TH DAY OF MAY, 2000.

Elizabeth L. Dowell, Appellant (Respondent),

v.

Mark E. Dowell, Appellee (Petitioner).

No. S–12–0098.

Supreme Court of Wyoming.

Dec. 13, 2012.

Representing Appellant: Ann M. Rochelle of Rochelle Law Offices, P.C., Casper, Wyoming; Douglas McLaughlin of Law Office of Douglas R. McLaughlin, Casper, Wyoming. Argument by Ms. Rochelle.

Representing Appellee: Judith Studer and Tassma A. Powers of Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming. Argument by Ms. Studer.

Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.

DAVIS, Justice.

[¶ 1] While he and Appellant Elizabeth (Betsy) Dowell were still married, Appellee Dr. Mark Dowell created an irrevocable life insurance trust (ILIT) naming Ms. Dowell as its primary beneficiary and their two children as contingent beneficiaries. The couple divorced five years later. Six years after the divorce, Dr. Dowell filed a petition to modify the trust, in which he contended that he did not need to obtain Ms. Dowell's consent to modify because she had relinquished her beneficial interest in the property settlement agreement incorporated into their divorce decree. The district court agreed.

[¶ 2] Ms. Dowell appeals from the district court's order granting summary judgment to Dr. Dowell. We reverse the order granting Dr. Dowell summary judgment with instruc-

tions to instead grant Appellant Elizabeth Dowell's motion for summary judgment.

## ISSUE

[¶ 3] Did Ms. Dowell waive her expectancy in an irrevocable life insurance trust by consenting to the terms of a property settlement agreement which was incorporated in the parties' decree of divorce?

## FACTS

[¶ 4] On May 16, 2000, Dr. Dowell created the ILIT, the proper name of which is the Mark E. Dowell Irrevocable Trust # 1. He funded the trust with two life insurance policies: one originally named Ms. Dowell the primary beneficiary and their daughter the sole contingent beneficiary; the second named their daughter and son the primary beneficiaries. Approximately eighteen months after the creation of the ILIT, the beneficiary designations in the first policy were changed to make the ILIT's trustee the sole policy beneficiary.

[¶ 5] Stated very simply, an ILIT is an irrevocable and, without judicial approval, unamendable trust funded by insurance policies. Upon the death of the insured, the ILIT trustee administers the trust for the benefit of the beneficiaries. If all steps are appropriately taken, federal estate taxation may be avoided or minimized. The parties agree that the settlor of an ILIT cannot maintain or exercise any control over the trust, or it can be considered part of his or her estate for tax purposes. The ILIT specifically eliminated any right of control by the settlor in Article II:

> This trust and all interests in it are irrevocable, and the Grantor has no power to alter, amend, revoke, or terminate any trust provision or interest.

[¶ 6] The ILIT designated Ms. Dowell as its primary beneficiary, while the parties' two children were designated as contingent beneficiaries. The trust instrument directed the trustee to hold and administer the trust assets for Ms. Dowell's benefit and to distribute interest income from those assets to her. It also prohibited the distribution of trust income to the two children who were contin-

gent beneficiaries until after Ms. Dowell's death.

[¶ 7] On the same date the ILIT trust was executed by Dr. Dowell, the parties separately created the Mark E. Dowell Revocable Trust and the Elizabeth L. Dowell Revocable Trust. The corpus of each of those trusts included the respective settlor's sole or shared interests in personal property, brokerage accounts, and real property, as well as equity interests in various business entities.

[¶ 8] On October 14, 2005, the District Court for the Eighth Judicial District entered a decree in the Dowells' divorce proceedings. The decree provided that Ms. Dowell retained primary physical custody of their two children, and the court therefore ordered Dr. Dowell to pay child support. The decree also incorporated the Dowells' property settlement agreement. That agreement permitted each party to retain any household items, retirement accounts, or real property owned in whole by their respective revocable trusts. Where one party's revocable trust owned his or her share of a jointly held interest in realty or business securities agreed to be transferred to the other, the agreement required the parties to divide that property by having the trust of one convey its share of a designated asset to the trust of the other.

[¶ 9] Two portions of the divorce decree figure prominently in the dispute now before this Court. The first is paragraph 12 of the district court's findings:

12. *INHERITANCE:* At the time that this *Decree* is signed by the Judge, the parties agree and it is ordered that:

a. Plaintiff shall cease to be a beneficiary under Defendant's *Will* and Defendant's *Revocable Trust Dated May 16, 2000* and all life insurance policies owned by Defendant. This does not pertain to Plaintiff being the beneficiary of the *ILIT*.

b. Defendant shall cease to be a beneficiary under Plaintiff's *Will* and the Plaintiff's *Revocable Trust Dated May 16, 2000*

and all life insurance policies owned by Plaintiff.

c. Plaintiff shall be treated as having predeceased Defendant for purposes of inheritances because she was Defendant's wife and being a beneficiary under any *Wills* or *Trusts* of Defendant.

d. Defendant shall be treated as having predeceased Plaintiff for purposes of inheritances because he was Plaintiff's husband and being a beneficiary under any *Wills* or *Trusts* of Plaintiff.

The second is paragraph 7(d) of the district court's order:

(d) *ILIT:* Defendant is ordered to fund the *Mark E. Dowell Irrevocable Trust No. One Dated May 16, 2000* (*ILIT* herein) established for the children's benefit, by timely paying to Christopher Tice, Trustee or his Successor Trustee under said *ILIT*, the amount necessary to pay the premiums for said policies No. [ ] and No. [ ] within this *ILIT* until these policies are paid up and no further premium payments are necessary to fund the policies.

[¶ 10] On August 1, 2011, nearly six years after the decree was entered, Dr. Dowell filed a petition to modify the ILIT in the District Court for the Seventh Judicial District. As settlor of that noncharitable trust, he could seek modification under Wyo. Stat. Ann. §§ 4–10–411(b) and 4–10–412 (LexisNexis 2011).[1] Noting in his petition that § 4–10–412(a)—the provision on which he relied—permitted modification only if all "qualified beneficiaries" of the trust consented, he alleged that Ms. Dowell had relinquished her beneficial interest in the ILIT through the above-quoted paragraphs 12(c) and 7(d) of the divorce decree, and that her consent to modification by the court was therefore not required. In her answer to the petition, Ms. Dowell asserted that the above-quoted paragraph 12(a) of the decree instead memorialized the parties' agreement that she would remain a beneficiary of the ILIT, and that she did not waive that interest.

[¶ 11] Dr. Dowell reiterated his position in a motion for a judgment on the pleadings,

---

1. Modification proceedings may be commenced under § 4–10–412 by a trust's settlor, trustee or beneficiary, but only a trustee or beneficiary may

seek to modify a noncharitable trust under §§ 4–10–413 through 4–10–417. Wyo. Stat. Ann. § 4–10–411(b) (LexisNexis 2011).

which argued that the divorce decree contained a clear and unambiguous waiver by Ms. Dowell of any interest in the ILIT. Ms. Dowell responded that because disposition of the petition to modify the ILIT required an interpretation of the divorce decree, and because her ex-husband had appended documents to the petition to support his interpretation, the district court should treat his motion as one for a summary judgment by virtue of Wyoming Rule of Civil Procedure 12(c). She also filed a motion for summary judgment, which was supported by her affidavit and accompanied by a statement of allegedly uncontested material facts.

[¶ 12] The district court treated the motion for judgment on the pleadings as a motion for summary judgment, and so the two motions were considered and ruled upon as cross-motions for summary judgment, without objection from the parties. We will review them in the same light.

[¶ 13] In her motion for summary judgment, presumably as an aid to understanding the divorce decree or as a means of describing the context surrounding the property settlement agreement on which it was based, Ms. Dowell attested by affidavit to the terms of the ILIT, to the facts surrounding its creation, to the parties' common purpose in creating the trust, and to its value to her at the time of their divorce. Dr. Dowell's response to those filings coupled a recitation of circumstances allegedly bearing on his intent when he created the ILIT with an argument that the court should read the divorce decree so as to give effect to that intent.

[¶ 14] On March 19, 2012, the district court entered an order granting Dr. Dowell's summary judgment motion and denying that of Ms. Dowell. The court found that the record revealed no disputed issues of material facts:

> the Decree of Divorce is not ambiguous; and, that when common sense is applied under the circumstances and in the context that existed, the rights of [Ms. Dowell] as a beneficiary to the Trust were terminated. The Court incorporates the arguments presented by [Dr. Dowell] as if fully set forth herein.

The district court therefore concluded that Ms. Dowell was not a "qualified beneficiary" whose consent was needed for modification of the ILIT under Wyo. Stat. Ann. § 4–10–412(a), and it modified the trust as requested by Dr. Dowell.

## STANDARD OF REVIEW

[¶ 15] Summary judgment is appropriate only when the record discloses that no genuine issue exists as to any material fact, and when the prevailing party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Cellers v. Adami*, 2009 WY 120, ¶ 8, 216 P.3d 1134, 1137 (Wyo.2009). We examine the record in the light most favorable to the non-prevailing party, giving that party the benefit of all favorable inferences that may be fairly drawn from it. *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 2003 WY 112, ¶ 9, 76 P.3d 308, 312 (Wyo.2003). We evaluate the propriety of a summary judgment by employing the same standards and using the same materials as the lower court employed and used, and we accord no deference to the district court's decision on issues of law. *Cellers*, ¶ 8, 216 P.3d at 1137.

[¶ 16] Where cross-motions for summary judgment are filed and an appeal is taken from an order granting one party a summary judgment and denying the summary judgment motion of the opposing party, we will review both aspects of that order. *O'Donnell*, ¶ 9, 76 P.3d at 312. When, as in this litigation, a decision to grant one cross-motion for summary judgment and deny another completely resolves a case, the order is properly subject to appeal to this Court. *Lindsey v. Harriet*, 2011 WY 80, ¶ 18, 255 P.3d 873, 880 (Wyo.2011).

## DISCUSSION

[¶ 17] The district court determined that Ms. Dowell unambiguously and as a matter of law relinquished her beneficial interest in the ILIT by virtue of the terms of her divorce decree. That determination rested on what the district court described as "well established law that applies to the interpretation of contracts." From the same starting point, we arrive at a contrary conclusion.

[¶ 18] As with all contracts, a court reviewing a property settlement agreement incorporated into a divorce decree must attempt to ascertain the parties' intent by first looking to the specific wording of the agreement. If the language is clear and unambiguous, the court should restrict its review to the four corners of the document. *Cellers*, ¶ 9, 216 P.3d at 1137; *Rehnberg v. Hirshberg*, 2003 WY 21, ¶ 9, 64 P.3d 115, 118 (Wyo.2003). That is, a court should not resort to extrinsic or parol evidence or rules of contract construction to avoid or enlarge the clearly expressed intent of the parties. *Id.* It may, however, confirm its understanding of otherwise seemingly unambiguous language by reviewing evidence which, although extrinsic to the contract, complements that language by clarifying the context in which the agreement was drawn. *Knight v. TCB Const. & Design, LLC*, 2011 WY 27, ¶ 7, 248 P.3d 178, 181 (Wyo.2011).

[¶ 19] Our first point of departure from the district court's decision derives from its apparent reliance on Dr. Dowell's arguments to provide such a clarifying context for the provisions of the divorce decree. We believe that the district judge was referring to Dr. Dowell's assertion that the ILIT was created not only to shelter life insurance proceeds from estate taxes, but also to provide a liquid asset from which estate taxes could be paid by the beneficiaries' sale of non-trust assets to the ILIT, thereby increasing the inheritance to be received by the Dowells' children. Reading the record in the light most favorable to Ms. Dowell, the party against whom summary judgment was granted, we perceive several problems with that "contextual" evidence.

[¶ 20] First, the ILIT seems to allow, but does not require, that the trustee use the insurance proceeds to purchase non-trust assets from the beneficiaries so that they may pay estate taxes. Second, Dr. Dowell never explained why it was necessary or even expedient to name Ms. Dowell as the primary beneficiary of the ILIT if his purpose was just to shield his children from estate taxes. Finally, and perhaps most importantly, Ms. Dowell asserted that Dr. Dowell had named her the primary beneficiary of the ILIT because they did not want the trust's assets to go directly to their inexperienced minor children upon his death, and because they recognized that she would need those assets to care for herself and the children until the children reached adulthood. Viewing Ms. Dowell's assertions in the light most favorable to her, we find nothing in the record to suggest that those concerns had ceased to be significant at the time of the divorce, when the children were still only nine and eleven years old. The Court is not so naïve as to fail to apprehend that the interests of the parties had become adversarial by the time of their divorce, and that the common objectives which had existed at the time the trust was created, if any, had probably ceased to exist, with each party no doubt seeking to obtain as many marital assets as reasonably possible.

[¶ 21] At the very least, these aspects of the record point to the existence of a significant factual dispute regarding the context in which both the trust and the divorce decree came to exist. While that factual dispute calls into question the propriety of granting summary judgment to either party, we will not decide this case on that basis, because we also take issue with the district court's disposition of the more fundamental question of whether the divorce decree was unambiguous.

[¶ 22] A contract is ambiguous if its language conveys a double meaning, lacks definiteness, or otherwise makes the meaning of a provision doubtful or uncertain. *O'Donnell*, ¶ 10, 76 P.3d at 312; *Rehnberg*, ¶ 9, 64 P.3d at 118. If the meaning of a contractual provision is not readily apparent when read as a whole, the parties' intent may be determined by considering competent evidence of pertinent explanatory circumstances extraneous to the contract. *O'Donnell*, ¶ 10, 76 P.3d at 312. Such evidence may not, however, be used to contradict the terms of a written contract, and a finder of fact may not use such evidence to supply an additional contract term. *Mullinnix LLC v. HKB Royalty Trust*, 2006 WY 14, ¶ 25, 126 P.3d 909, 920 (Wyo.2006). In any event, a court may not normally grant a summary judgment as to

the meaning of an ambiguous contract. *Cellers*, ¶ 8, 216 P.3d at 1137.

[¶ 23] Dr. Dowell asserted that Ms. Dowell had been deprived of her status as a beneficiary of the ILIT by virtue of paragraph 7(d) of the "order" portion of the divorce decree. That provision required Dr. Dowell to continue to fund the ILIT by paying the premiums on the two life insurance policies owned by the trust. Dr. Dowell claims this provision had the asserted effect on Ms. Dowell's status because, in specifically identifying the trust by both its more formal name and as the ILIT, paragraph 7(d) noted the trust was "established for the children's benefit." Reading paragraph 7(d) in the light most favorable to Ms. Dowell, we view it as instead assuring that the trust continued to be funded as originally intended, and we decline to read its collateral reference to the children as unambiguously depriving Ms. Dowell of her interest in the ILIT.

[¶ 24] Ms. Dowell in turn points to paragraph 12(a) of the "findings" portion of the divorce decree, which memorialized the parties' agreement that she would cease to be a beneficiary of Dr. Dowell's will, his revocable trust, and any life insurance policies he owned. That paragraph expressly noted that it did not apply to Ms. Dowell's status as a beneficiary of the ILIT. She contends that this exclusion expressed the parties' intent that she retain her expectancy under the ILIT.

[¶ 25] Dr. Dowell disputes that contention and directs us to paragraph 12(c), which provides that Ms. Dowell shall be deemed to have predeceased Dr. Dowell for purposes of inheriting from his estate and being a beneficiary of any of his wills or trusts. He asserts that the general reference to trusts in that provision must be read to include the ILIT.

[¶ 26] Neither argument is more persuasive than the other. The exclusion of the ILIT from the reach of paragraph 12(a) does not clearly remove that trust from the reach of paragraph 12(c), but 12(c) fails to particularize the wills or trusts to which it was intended to apply. We find this lack of specificity especially troubling in a decree which otherwise expressly identified any outside documents to which the parties' agreement related. The Dowells identified their respective revocable trusts by associating them with whichever party created those trusts, as well as the dates on which they were created, and they also identified the ILIT as either the "ILIT" or the "Mark E. Dowell Irrevocable Trust No. One Dated May 16, 2000." The indefinite wording and uncertain meaning of these key provisions of the divorce decree lead to the conclusion that the decree is ambiguous as a matter of law, and that the district court therefore erred in granting summary judgment to Dr. Dowell. Prior to our decision in *Cellers*, that conclusion would likely have led to a remand for further proceedings to resolve the parties' factual dispute as to the intent underlying the above-noted provisions of their divorce decree.

[¶ 27] However, in *Cellers* we considered a property settlement and divorce decree which one party claimed had divested the other of a beneficial interest in an investment account. We there adopted the rule that courts should not read a divorce decree to waive or relinquish a spouse's interest in such an account or in similar expectancies unless the decree's language clearly so stated. *Cellers*, ¶ 23, 216 P.3d at 1143. General references to unspecified property or property interests like those in the Dowells' decree will not suffice to establish such a waiver. The language of the decree must expressly waive and specifically identify both the expectancy or beneficial interest that is at stake, as well as the instrument or account to which that interest relates. *Id.* It is not difficult to conceive of language which would have clarified the conflicting provisions of the decree to achieve a waiver, but such language is not to be found in the decree.

[¶ 28] Because the Dowells' divorce decree falls short of the *Cellers* benchmark, it cannot be said to have divested Ms. Dowell of her status as the primary beneficiary of the ILIT as a matter of law. Accordingly, we reverse the summary judgment granted to Dr. Dowell to the extent it determined that Ms. Dowell was not a qualified beneficiary whose consent was necessary to permit the trial court to judicially modify the ILIT. We also remand and instruct the district court to

grant Ms. Dowell's summary judgment motion on that issue, as the record before us as a matter of law does not reflect an adequate waiver of her status as a qualified beneficiary of the ILIT.

[¶ 29]  In his brief, Dr. Dowell has argued alternative statutory grounds for affirming the trial court's decision.  These were not raised in his initial petition or considered by the trial court.  Because they have not been discretely raised, appropriately briefed, and decided below, we will not consider them on appeal.  *Lindsey,* ¶ 20, 255 P.3d at 881.  We therefore decline to comment on whether additional proceedings to modify the trust might be appropriate under some statutory provision other than Wyo. Stat. Ann. § 4–10–412(a).