# IN THE SUPREME COURT, STATE OF WYOMING

# 2014 WY 86

APRIL TERM, A.D. 2014

July 3, 2014

JESSICA LYN HOFHINE,

Appellant
(Plaintiff),

v.

No. S-13-0225

MIKE DAVID HOFHINE,

Appellee
(Defendant).

*Appeal from the District Court of Uinta County*
*The Honorable Dennis L. Sanderson, Judge*

*Representing Appellant:*

John A. Thomas and Ammon E. Francom, John A. Thomas Law Office, Evanston, Wyoming.

*Representing Appellee:*

Farrah L. Spencer, Long, Reimer, Winegar, Beppler, LLP, Park City, Utah; Monica J. Vozakis, Long, Reimer, Winegar, Beppler, LLP, Evanston, Wyoming.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\*Chief Justice at time of expedited conference.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]    Appellant, Jessica Lyn Hofhine, challenges the district court's order denying her "Motion for Enforcement of Judgment and Decree of Divorce." She asserts she is entitled to an "income equalization" payment under the terms of the parties' divorce decree. She also contends the district court erred in awarding attorney's fees to Appellee. We affirm.

## ISSUES

[¶2]    Ms. Hofhine presents the following issues:

> 1.  Whether the district court erred in its interpretation and application of the legal documents governing the property distribution between Appellant and Appellee, and the equalization of their incomes.
>
> 2.  Whether the district court violated Appellant's right to due process of law when it did not allow any party or witness testimony at the hearing on Appellant's motion to equalize income.
>
> 3.  Whether the district court's order awarding attorney's fees should be reversed.

Mr. Hofhine presents an additional issue:

> 1.  Whether Husband is entitled to attorney's fees incurred on appeal.

## FACTS

[¶3]    The parties were married in 2001. Ms. Hofhine filed for divorce in September, 2010. At that time, Mr. Hofhine was the president and sole shareholder of New Tech Inspection Service (New Tech), and Ms. Hofhine worked for the company as an office manager and bookkeeper. In November, 2010, after Ms. Hofhine submitted a motion for temporary spousal support, the district court entered an "Order Setting Current Salaries," which provided that both parties would "continue to be employed by New Tech Inspection Service at their current salaries of $5,200.00 gross each per each semi-monthly pay period." The order also stated that "any additional compensation from New Tech Inspection Service in the form of draws, or otherwise, shall not be paid to either party without the written consent of both parties or by court order."

1

[¶4]    In September, 2011, the parties entered into a property settlement agreement. The "Stipulation and Agreement" provided that Mr. Hofhine would pay to Ms. Hofhine "a total cash settlement for any and all interest in New Tech Inspection Service [in] the sum of $375,000." Paragraph 18 of the Stipulation and Agreement stated that "This agreement is intended to be and shall be a full, final and complete property settlement between the parties and neither party shall make any property claim against the other except as herein provided and set forth."

[¶5]    The Stipulation and Agreement was subsequently incorporated into the Decree of Divorce entered by the district court on September 23, 2011. On October 27, the court entered a Judgment and Decree of Divorce Nunc Pro Tunc to correct a typographical error in the original Decree. Paragraph 11ac of the Decree Nunc Pro Tunc provided that Ms. Hofhine

> shall have as her sole and separate property . . . An amount to be paid by Defendant to Plaintiff to equalize the incomes of the parties to the date of termination of Plaintiff's employment as set forth above, pursuant to the provisions set forth in the Order Setting Current Salaries . . . filed by the Court on November 5, 2010 which equalized the salaries of both parties.

Ms. Hofhine's employment with New Tech ended in October, 2011.

[¶6]    In May, 2012, Ms. Hofhine filed a "Motion for Enforcement of Judgment and Decree of Divorce." A hearing was held on the motion and during that hearing Ms. Hofhine claimed that Mr. Hofhine had withdrawn approximately $182,000.00 from the company in the form of dividends, special pay, and draws, and that these withdrawals should have been equalized under Paragraph 11ac of the Decree Nunc Pro Tunc. Following the hearing, the district court entered an order denying Ms. Hofhine's motion. The court concluded as follows:

> 4.      Paragraph 4 of the Decree of Divorce clearly and unambiguously provided that Plaintiff be paid a total of $375,000 as a complete and final cash settlement for any and all interests that Plaintiff had in New Tech Inspection Services. Therefore, Plaintiff has no claim to any additional compensation for any interest Plaintiff now claims to have in New Tech Inspection Services.
>
> . . .
>
> 7.      The Order Setting Salaries required only that the

2

parties' salaries from New Tech Inspection Services be equalized so that both parties received a salary of $10,400.00 per month, which Plaintiff did not dispute that she received until her termination date. The Order Setting Salaries did not require that any dividends, special pay, or draws be equalized.

Additionally, the court noted that "as of June 2011, Plaintiff knew of the dividends, special pay, and draws she now claims should be equalized but Plaintiff did not ask the Court for compensation or equalization of such payments before the Decree of Divorce was entered on September 23, 2011." The court concluded that "because Plaintiff had knowledge of the payments that she now argues should have been equalized but failed to request such equalization, Plaintiff waived any claim she may have had to such equalization when the final Decree of Divorce was entered." The court also entered an order awarding attorney's fees to Mr. Hofhine, as permitted under the Decree Nunc Pro Tunc. Ms. Hofhine filed a timely appeal from the district court's orders.

## *DISCUSSION*

[¶7]    In her first issue, Ms. Hofhine contends the district court erred in concluding that she was not entitled to equalization of income under the parties' divorce decree. She asserts that Mr. Hofhine received compensation from New Tech in the form of dividends, special pay, and draws for personal use. She claims that this additional compensation must be considered income for tax purposes, and should also be considered "income" that is subject to the equalization requirement under Paragraph 11ac of the decree. It is undisputed that the funds which Ms. Hofhine seeks to have equalized were paid to Mr. Hofhine prior to entry of the decree. Mr. Hofhine asserts that only salary was required to be equalized and that Ms. Hofhine received all salary required to be paid to her pursuant to the decree.

[¶8]    In order to resolve this issue, we must interpret the provisions of the decree, the parties' Stipulation and Agreement, and the Order Setting Current Salaries. We have repeatedly held that interpretation of contracts is a question of law, which we review *de novo*. *Knight v. TCB Constr. & Design, LLC*, 2011 WY 27, ¶ 7, 248 P.3d 178, 181 (Wyo. 2011).

[¶9]    In interpreting a property settlement agreement, we attempt to ascertain the parties' intent by looking to the specific language of the agreement:

> As with all contracts, a court reviewing a property settlement agreement incorporated into a divorce decree must attempt to ascertain the parties' intent by first looking to the specific wording of the agreement. If the language is clear and unambiguous, the court should restrict its review to the

3

four corners of the document. That is, a court should not resort to extrinsic or parol evidence or rules of contract construction to avoid or enlarge the clearly expressed intent of the parties. It may, however, confirm its understanding of otherwise seemingly unambiguous language by reviewing evidence which, although extrinsic to the contract, complements that language by clarifying the context in which the agreement was drawn.

*Dowell v. Dowell (In re Dowell)*, 2012 WY 154, ¶ 18, 290 P.3d 357, 361 (Wyo. 2012) (citations omitted).

[¶10] Ms. Hofhine's claim that she is entitled to payments equaling Mr. Hofhine's withdrawals from New Tech is based on the language of Paragraph 11ac of the parties' divorce decree. As noted above, that paragraph provides that Ms. Hofhine

> shall have as her sole and separate property . . . An amount to be paid by Defendant to Plaintiff to equalize the incomes of the parties to the date of termination of Plaintiff's employment as set forth above, pursuant to the provisions set forth in the Order Setting Current Salaries . . . filed by the Court on November 5, 2010 which equalized the salaries of both parties.

Ms. Hofhine asserts that the term "income," as used in this paragraph, includes all payments received by Mr. Hofhine from New Tech including payments received prior to entry of the decree. As support for her definition of the term "income," Ms. Hofhine relies on our decision in *Teeples v. Teeples*, 2012 WY 127, ¶ 11, 286 P.3d 134, 136 (Wyo. 2012), in which we noted that, under Section 301(c)(1) of the United States Internal Revenue Code, "If a corporation makes a distribution of property to a shareholder with respect to that shareholder's stock, the portion of the distribution which is a dividend must be included in the shareholder's income as well." Ms. Hofhine's reliance on our decision in *Teeples*, however, is misplaced. In *Teeples*, the appellant received a payment from the appellee pursuant to the parties' Property Settlement Agreement. The appellee paid the appellant with funds from an S corporation he received in the divorce. The appellant claimed that because she had previously been a shareholder in the S corporation, the payment constituted a dividend and impermissibly increased her income tax liability. We concluded, however, that under Section 26 U.S.C.A. § 301(c)(1) of the Internal Revenue Code, the appellant was taxed properly on "income" earned by the S corporation. *Id.*, ¶ 11, 286 P.3d at 136. Unlike *Teeples*, resolution of the dispute in the present case does not depend on interpretation of the Internal Revenue Code. In this case, the parties' agreement unambiguously equates "income" with "salary."

4

[¶11]   The term "income" is not defined in the Decree of Divorce, the parties' Stipulation and Agreement, or the Order Setting Current Salaries.  The manner in which the term is employed in the Decree of Divorce, however, unambiguously indicates that the term is intended to be synonymous with the term "salary."  First, we note that Paragraph 11ac states that Ms. Hofhine is entitled to an amount equalizing the "incomes" of the parties "to the date of termination of Plaintiff's employment."  The reference to termination of Ms. Hofhine's employment suggests that the equalization of "income" is intended to mean equalization of the parties' salaries.  This meaning of "income" is also suggested by Paragraph 8 of the decree, which provides that, until Mr. Hofhine satisfied his obligations under the terms of the decree, Ms. Hofhine would "continue to work for New Tech Inspection Service at her present monthly income."  Further, Paragraph 11ac states that equalization of income is "pursuant to the provisions set forth in the Order Setting Current Salaries."  That order, as indicated by its title, related to the parties' salaries and provided that the parties would "continue to be employed by New Tech Inspection Service at their current salaries of $5,200.00 gross each per each semi-monthly pay period . . . ."

[¶12]   Ms. Hofhine notes that the Order Setting Current Salaries also states, in Paragraph 2, that "any additional compensation from New Tech Inspection Service in the form of draws, or otherwise, shall not be paid to either party without the written consent of both parties or by court order."  Ms. Hofhine suggests that this language indicates that such additional compensation is required to be equalized under the divorce decree.  We do not agree.  The plain language of Paragraph 2 contains no requirement that any additional compensation be equalized, and there is nothing in the Order that provides for equalization of additional compensation as a remedy for violation of the Order.  Accordingly, pursuant to the Order Setting Current Salaries, which is incorporated into the divorce decree by explicit reference in Paragraph 11ac, only the parties' salaries were required to be equalized.  The divorce decree confirms this interpretation by stating that the Order Setting Current Salaries "equalized the salaries of both parties."

[¶13]   Additionally, under Ms. Hofhine's interpretation of the term "income," she would be entitled to payments equalizing Mr. Hofhine's withdrawal of dividends from New Tech.   The effect of Ms. Hofhine's interpretation, however, would be directly contradictory to the parties' Stipulation and Agreement, which provides that Mr. Hofhine would pay to Ms. Hofhine "a total cash settlement for any and all interest in New Tech Inspection Service [in] the sum of $375,000."   The Stipulation also states that the agreement "is intended to be and shall be a full, final and complete property settlement between the parties and neither party shall make any property claim against the other except as herein provided and set forth."  These provisions were incorporated into the Decree of Divorce.  Ms. Hofhine's claim that she is entitled to additional compensation to equalize dividend payments made to Mr. Hofhine would effectively circumvent these provisions by allowing her to receive an additional interest in New Tech beyond the

5

$375,000 paid to her for "any and all interest" in the company. Ms. Hofhine's claim to additional compensation under the decree also contradicts her counsel's statements in a letter to opposing counsel following entry of the original decree. In that letter, which was introduced into evidence at the hearing, Ms. Hofhine's counsel stated that "It appears that your client has satisfied all of the requirements of the Judgment and Decree of Divorce so that my client can cease working for New Tech Inspection Service at her present monthly income . . . ."

[¶14] We conclude that the plain language of the parties' divorce decree unambiguously required only the parties' monthly salaries from New Tech to be equalized. The district court did not err in denying Ms. Hofhine's request for additional compensation. Because we have found that additional payments received by Mr. Hofhine from New Tech were not required to be equalized under the decree, we need not determine whether Ms. Hofhine waived her claim to equalization of those payments.

[¶15] In her next issue, Ms. Hofhine contends the district court violated her due process rights by refusing to permit the parties or witnesses to testify at the hearing on her motion. She claims that she should have been allowed to testify and "to call witnesses to explain the surrounding circumstances, the subject matter, and the purposes of the provisions at issue in the Order Setting Current Salaries, the Stipulation, and the Decree Nunc Pro Tunc." Whether a court's action has violated a party's right to due process is a question of law which we review *de novo*. *Verheydt v. Verheydt*, 2013 WY 25, ¶ 20, 295 P.3d 1245, 1250 (Wyo. 2013).

[¶16] As we have previously stated, an opportunity for hearing in accordance with due process must be "appropriate to the nature of the case." *JKS v. AHF (In re ARF)*, 2013 WY 97, ¶ 28, 307 P.3d 852, 858 (Wyo. 2013). "The party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way. The question is whether there has been a denial of fundamental fairness." *DH v. Wyo. Dep't of Family Servs.*, 2003 WY 155, ¶ 38, 79 P.3d 997, 1008 (Wyo. 2003) (citation omitted). In the present case, the purpose of the hearing was to determine whether Ms. Hofhine was entitled to additional compensation under the parties' divorce decree, and if so, to determine the amount of such additional compensation. At the hearing, both parties were allowed to present argument and to introduce and explain exhibits. Ms. Hofhine did not object to the procedure, did not seek to introduce any testimony, and did not provide an offer of proof indicating the content of any proposed testimony. Additionally, the determination as to whether Ms. Hofhine was entitled to additional compensation was a purely legal issue. As we have previously discussed, the district court properly determined that the agreement was unambiguous. Under the circumstances, admission of evidence extrinsic to the parties' agreement would not have been appropriate. The district court did not violate Ms. Hofhine's due process rights.

[¶17] In her third issue, Ms. Hofhine challenges the award of attorney's fees to Mr. Hofhine. A district court's grant or denial of attorney's fees is reviewed for abuse of discretion. *Sterrett Props., LLC v. Big-D Signature Corp.*, 2013 WY 154, ¶ 8, 314 P.3d 1155, 1157 (Wyo. 2013). Ms. Hofhine concedes that the award of attorney's fees to the prevailing party is authorized under Paragraph 18 of the Decree Nunc Pro Tunc. That paragraph provides:

> In the event any subsequent action should be commenced by either party against the other involving any of the provisions which are the subject matter of this proceeding and any future orders and decrees filed herein, then the losing party to such action as evidenced by an order or judgment against the person shall pay all the successful party's attorney's fees and costs in such action, unless otherwise ordered by the court.

Ms. Hofhine's argument that the district court abused its discretion in awarding attorney's fees to Mr. Hofhine is contingent on her success in this appeal. According to Ms. Hofhine,

> A reversal of the district court's Findings of Fact, Conclusions of Law, and Order on Hearing that dismisse[d] Wife's claim to equalize income will mean Husband was not the prevailing party below, and therefore is not entitled to attorney's fees pursuant to the Decree Nunc Pro Tunc. In other words, if Wife prevails on this appeal, the award of attorney's fees to Husband, as the losing party, would become an abuse of discretion that should be reversed by this Court.

As set forth above, the district court properly denied Ms. Hofhine's Motion for Enforcement of Judgment and Decree of Divorce. Accordingly, we find no basis to reverse the award of attorney's fees. The district court did not abuse its discretion in awarding attorney's fees to Mr. Hofhine.

[¶18] Finally, with respect to Mr. Hofhine's claim for attorney's fees incurred in this appeal, we conclude that he is entitled to those fees under Paragraph 18 of the Decree Nunc Pro Tunc. As we have previously noted, "Attorney's fees are recoverable if expressly provided for by statute or contract. Where a contract allows the award of attorney's fees, that includes fees incurred on appeal." *Kinstler v. RTB South Greeley, LTD., LLC*, 2007 WY 98, ¶ 13, 160 P.3d 1125, 1129 (Wyo. 2007) (citation omitted). We will determine the appropriate sum to be awarded after counsel submits proper documentation.

[¶19] Affirmed.

7